## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE<br>6218 Georgia Avenue, N.W.<br>Suite 1-1235<br>Washington, D.C. 20011,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FEDERAL TRADE<br>COMMISSION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 22-cv-01614<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff, Functional Government Initiative ("FGI"), brings this action against the United States Federal Trade Commission ("FTC") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, requesting declaratory and injunctive relief to compel Defendant's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this FOIA matter pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue in this Court is provided for by 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES TO THE ACTION

4. Plaintiff, FGI, is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government. *See* D.C. Code § 29-1102(5).

1

5. FGI accomplishes its mission though investigative research, analysis, and dissemination of the information it obtains.  The records FGI obtains under FOIA are vital to accomplishing its mission.

6. Defendant, the FTC, is an independent regulatory agency and therefore an "agency" within the meaning of and subject to FOIA.  *See* 5 U.S.C. § 551(1), §§ 552(f)(1), William E. Kovacic & Marc Winerman, *The Federal Trade Commission as an Independent Agency: Autonomy, Legitimacy, and Effectiveness*. 100 Iowa L. Rev. 2085 (2015).

## STATEMENT OF FACTS

7. As an independent agency, the FTC is designed to be free of undue pressure from elected officials.  *See, e.g. id.* at 2088.  ("The suggestion that competition agencies be independent reflects a desire to enable enforcement officials to make decisions without destructive intervention by elected officials or by political appointees who head other government departments.")

8. On November 17, 2021, President Joseph R. Biden, Jr. sent a letter to the Chair of the FTC in which the President cited "mounting evidence of anti-consumer behavior by oil and gas companies" and asked that the FTC "examine what is happening with oil and gas markets, and . . . bring all of FTC's tools to bear if you uncover any wrongdoing."  President Biden exhorted the FTC further by stating "The [FTC] has authority to consider whether illegal conduct is costing families at the pump.  I believe you should do so immediately."
A copy of President Biden's letter to the FTC Chair dated November 17, 2021, is attached as Exhibit 1.

9. President Biden's letter references a letter sent by his Director of the National Economic Council to the Chair of the FTC on August 11, 2021.  The National Economic Council is

located within the White House. The Director's letter states: "I am writing to ask that [the FTC] consider using all of its available tools to monitor the U.S. Gasoline market and address any illegal conduct that might be contributing to price increases for consumers at the pump."

The letter also provides: "The Department of Justice, the Federal Energy Regulatory Commission, the Commodity Futures Trading Commission, and state attorneys general would also be valuable partners in this effort, and I ask that you consider including them in your work on this matter."

A copy of the National Economic Council Director's letter to the Chair of the FTC dated August 11, 2022, is attached as Exhibit 2.

10. As the nation faces inflation at levels not experienced in decades, rapidly escalating gas prices, and an Administration that is pursing energy policies that have reduced domestic fossil fuel exploration and development, the public has a significant interest in information that will shed light on whether the decisions of officials at the FTC about bringing investigations into oil and gas pricing are free of political pressure, in accordance with the law, consistent with facts in the market place, and in the best tradition of independence at the FTC.

11. On January 3, 2022, FGI submitted a FOIA request to the FTC at FOIA@ftc.gov. FGI's FOIA seeks the production of:

> All records from October 1, 2021, to the date the FTC conducts the search meeting the following criteria:
>
> 1. All meeting requests, meeting memos, briefing documents, schedules, communications, and any other records related to the submission, consideration, approval, and scheduling of meetings discussing the letter issued by the President on

November 17, 2021, or any topics or issues contained in the President's letter including the basis for opening the requested investigation.

2. All communications, documents, and other records to, from, or between any commissioner of the FTC or any employee of the FTC discussing actions the Commission may take as a result of the President's letter of November 17, 2021.

3. All communications, documents, and other records to, from, or between any commissioner of the FTC or any employee of the FTC discussing how to respond to the President's letter of November 17, 2021, and whether or not to begin a new investigation into oil and gas markets as requested by the President's letter.

4. All communications, documents, and other records to, from, or between any commissioner of the FTC or their senior staff or FTC employees in the Bureau of Competition, the Bureau of Consumer Protection, the Bureau of Economics, the Office of General Counsel, the Office of Policy Planning, and the Office of Public Affairs containing evidence of any alleged "anti-consumer behavior" by oil and gas companies that was considered in the development of the President's November 17th letter.

5. All communications, including via email, text messages, and Microsoft Teams, between any FTC Commissioner or their senior staff or FTC employees in the Bureau of Competition, the Bureau of Consumer Protection, the Bureau of Economics, the Office of General Counsel, the Office of Policy Planning, and the Office of Public Affairs and employees the Department of the Interior, including but not limited to the Bureau of Land Management, Bureau of Ocean Energy Management, Office of the Solicitor, and Office of the Secretary.

6. All communications between Commissioners of the FTC or their staff and outside (non-governmental) organizations concerning or discussing the President's letter requesting an investigation into oil and gas companies or any topics or issues contained in the President's letter including the basis for opening the requested investigation.

A copy of FGI's FOIA to the FTC dated January 3, 2022, is attached as Exhibit 3.

12. Having received no formal acknowledgment of receipt of its FOIA request from the FTC, on January 12, 2022, FGI sent an email to FOIA@ftc.gov asking for confirmation of receipt. The same day, FGI received an email from FOIA@ftc.gov indicating that "someone from our office will reach out to you as soon as possible regarding the status of your request." Neither an agency tracking number nor the name of a FOIA Officer with whom FGI could follow-up on its FOIA were provided in the email.

4

13. By letter dated March 10, 2022, the Assistant General Counsel for the FTC issued a decision on FGI's FOIA stating that the FTC had searched its records and identified 116 pages of responsive records. However, the FTC withheld all 116 pages, purportedly pursuant to FOIA Exemption 5, which provides that FOIA does not apply to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency. . . ." 5 U.S.C. § 552(b)(5). A copy of the Assistant General Counsel letter of denial dated March 10, 2022, is attached as Exhibit 4.

14. In denying FGI's request, the FTC released no non-exempt portions of the documents, and provided no indexes demonstrating how Exemption 5 applied to each document withheld. In the letter, the Assistant General Counsel also advised FGI that it could file an administrative appeal of her determination.

15. The denial letter was the first substantive communication from the FTC about this request and the first time a specific FOIA Officer was identified for FGI to contact about its FOIA request.

16. On March 13, 2022, FGI emailed the FOIA Officer to inquire about several issues in the FTC's denial letter, including whether any of the withheld documents contained information not covered by Exemption 5 that could be released under FOIA at this time, including:

    (a) non-exempt information that should be segregated and provided pursuant to 5 U.S.C. § 552(b),

    (b) any communications with groups outside of the FTC, and

    (c) a final determination by the FTC that it would not pursue an investigation in this matter.

17. The FOIA Officer responded to FGI's inquiries on March 14, 2022, stating "Because all records were withheld in full [under Exemption 5], I am unable to discuss their substance."

18. On March 23, 2022, FGI filed a timely appeal of the FTC's denial and the same day, FGI received an email from the FTC's Appeals Office acknowledging receipt of the appeal.

19. FGI's appeal raised several issues, including:

    (a) FTC's search had been incomplete, particularly in light of the small number of responsive documents that had been located on a matter about which President Biden had stated his belief in a letter to the Chair of the FTC that the FTC should investigate oil and gas pricing "immediately";

    (b) FTC had wrongfully withheld documents containing communications with outside groups that are not exempt from disclosure; and

    (c)  FTC had failed to take reasonable steps to segregate and provide non-exempt portions of responsive documents pursuant to 5 U.S.C. § 502 (a)(8)(A)(ii) and the direction provided in the Attorney General's March 15, 2022, memorandum on federal agencies' obligations in complying with FOIA.  *See* https://www.justice.gov/ag/page/file/1483516/download.

    A copy of FGI's Administrative Appeal is attached as Exhibit 5.

20. By letter dated April 15, 2022, the FTC's Deputy General Counsel responded to FGI's appeal and agreed with FGI that "a reasonable search to uncover all relevant documents was not performed" because offices likely to contain responsive materials were not contacted. The Deputy General Counsel remanded FGI's FOIA request to a FOIA Officer to perform an additional search for responsive records.

    A copy of the Deputy General Counsel's April 15, 2022, response to FGI's administrative appeal is attached as Exhibit 6.

21. The Deputy General Counsel further explained her belief that the issues FGI had raised on appeal as to whether Exemption 5 applied to the 116 pages of responsive documents located by the FOIA Office, and whether the FOIA Office had conducted an appropriate segregation analysis of those documents, were "unripe for review at this time."

22. The Deputy General Counsel remanded FGI's request to the FTC's FOIA Office to conduct a reasonable search for responsive materials and acknowledged FGI's right to appeal the decision to federal district court.

23. On April 28, 2022, FGI requested the FOIA Officer to provide it with an update on the status of the FTC's response to FGI's remanded FOIA request. The same day, the FOIA Officer replied that the FTC's response would be provided "soon."

24. On May 9, 2022, FGI again requested that the FOIA Officer provide an update on the status of the FTC's response to FGI's remanded FOIA request.

25. To date, FGI has received no reply from the FTC to its May 9, 2022, inquiry.

<u>**COUNT I**</u>
<u>**Wrongful Withholding Of Non-Exempt Responsive Records By The FTC**</u>
<u>**In Violation of FOIA, 5 U.S.C. § 552**</u>

26. FGI restates and incorporates by reference all the preceding paragraphs.

27. FGI properly requested records within the possession, custody, and control of the FTC.

28. Because the FTC is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records. *See* 5 U.S.C. § 551(1), § 552(f)(1).

29. By failing to produce all responsive, non-exempt records, the FTC is wrongfully withholding agency records subject to release under FOIA.

30. By failing to segregate exempt information in otherwise non-exempt records responsive to FGI's FOIA request, the FTC is wrongfully withholding agency records subject to release under FOIA. 5 U.S.C. § (a)(8)(A)(ii)

31. Because the FTC has failed to provide a determination on FGI's FOIA request within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(i).

32. Despite FGI's good-faith efforts to work with the FTC to obtain records that are clearly in the public interest and releasable under FOIA, it is apparent that absent this lawsuit the FTC will not comply with its obligations under FOIA.

33. Accordingly, FGI is entitled to declaratory and injunctive relief requiring the FTC to produce promptly all non-exempt records and the reasonably segregable portions of other records responsive to its FOIA request and to provide indexes justifying the withholding of any responsive records under a claim of exemption.

## REQUESTED RELIEF

FGI respectfully requests this Court:

(1) Take and maintain jurisdiction over this case until the FTC complies with the requirements of FOIA and the orders of this Court.

(2) Order the FTC to produce all non-exempt records and non-exempt portions of other records responsive to FGI's FOIA request and provide indexes justifying the withholding of all or any portion of responsive records under claim of exemption.

(3) Order the FTC to produce all non-exempt records within ten days, or within such other period that the Court deems reasonable.

(4) Enjoin the FTC from continuing to withhold all non-exempt responsive records and portions

8

of records.

(5) Award the reasonable attorney's fees and other litigation costs incurred in this action, as provided for by 5 U.S.C. § 552(a)(4)(E).

(6) Grant FGI such other relief as this Court deems to be necessary and proper.


Dated: June 6, 2022                                  Respectfully submitted,

                                                                                 FUNCTIONAL GOVERNMENT INITITIATIVE
                                                                                 By Counsel:

                                                                                 /s/Richard W. Goeken
                                                                                 D.D.C. Bar # 441217
                                                                                 LUMEM LAW FIRM, LLC
                                                                                 1802 Vernon Street, Suite 2040
                                                                                 Washington, D.C. 20009

                                                                                 Counsel for the Plaintiff